Peter M. de Jonge, Utah Bar No. 7185
Jed H. Hansen, Utah Bar No. 10679
**THORPE NORTH & WESTERN, L.L.P.**
175 South Main Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 566-6633
Facsimile:  (801) 566-0750

*Attorneys for Plaintiff*,
Connor Sport Court International, LLC

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CONNOR SPORT COURT INTERNATIONAL, LLC, a Delaware limited liability company, | Case No. 2:16-cv-01241-BCW |
| Plaintiff, | **COMPLAINT WITH JURY DEMAND** |
| vs. | |
| WHITE BIRCH LANDSCAPE DESIGN LLC, a New Jersey limited liability company, | Magistrate Judge Brooke C. Wells |
| Defendant. | |

Plaintiff Connor Sport Court International, LLC ("Sport Court" or "Plaintiff") by and through its counsel, hereby files this Complaint with Jury Demand against Defendant White Birch Landscape Design LLC ("White Birch" or "Defendant") and alleges as follows:

### THE PARTIES

1.      Plaintiff Connor Sport Court International, LLC is a Delaware limited liability company with its principal place of business in Salt Lake City, Utah.

2.      Upon information and belief, Defendant White Birch Landscape Design

1

LLC is a New Jersey limited liability company with its principal place of business in Livingston, New Jersey.

## JURISDICTION AND VENUE

3.      Sport Court brings this action pursuant to Lanham Trademark Act, Title 15, United States Code § 1051, *et seq.*, Utah Code Ann. §§ 13-11a-3, 13-5a-102, 103, 70-3a-403 and Utah common law.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1367, 1338 and 15 U.S.C. §§ 1114 and 1125.

5.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over claims arising under state law or common law because those claims are so related to the federal trademark claims that they form part of the same case or controversy.

6.      Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

7.      Upon information and belief, this Court has personal specific jurisdiction over Defendant as it has purposefully directed its activities toward state of Utah, causing harm suffered in the state of Utah, and this action is based upon activities that arise out of or relate to those contacts.

## GENERAL ALLEGATIONS

## SPORT COURT'S TRADEMARKS

8.      Sport Court is the owner of U.S. Trademark Reg. No. 1,100,976 for SPORT COURT for use in connection with "recreational patio installation services."  *See* Exhibit A.

9.      Sport Court is also the owner of U.S. Trademark Reg. No. 1,155,586 for

2

SPORT COURT for use in connection with "sports equipment-namely, backboards, nets, racquets, balls, and ball rebounders." *See* Exhibit A.

10.     Sport Court is also the owner of U.S. Trademark Reg. No. 1,727,818 for SPORT COURT for use in connection with "recreational and athletic play surfaces and related equipment for said surfaces; namely, nets, basketball backboards and lighting fixtures sold as a unit." *See* Exhibit A.

11.     Sport Court is also the owner of U.S. Trademark Reg. No. 1,177,220 for SPORT COURT for use in connection with "sports equipment-namely, backboards, nets, racquets, balls, ball rebounders" and "recreational patio installation services." *See* Exhibit A.

12.     Sport Court is also the owner of U.S. Trademark Reg. No. 2,479,328 for SPORT COURT for use in connection with "plastic interlocking floor tiles." *See* Exhibit A.

13.     Sport Court has used its SPORT COURT mark in commerce since at least April of 1975 and enjoys substantial federal and common law trademark rights in the SPORT COURT mark.  These rights are collectively referred to herein as the "Sport Court Trademarks."

14.     As a result of Sport Court's long and extensive use of the Sport Court Trademarks, the marks have become well known and highly respected in the flooring industry.

15.     Sport Court's goods and services have been widely advertised and extensively promoted under the Sport Court Trademarks and the Sport Court Trademarks have acquired significant goodwill and are assets of enormous value.

16.     Upon information and belief, through Sport Court's promotion and advertising under the Sport Court Trademarks, the public has come to recognize Sport Court's goods and services sold and marketed under the Sport Court Trademarks as solely emanating from Sport Court.

17.     Upon information and belief, as a result of Sport Court's extensive and longstanding use of the Sport Court Trademarks, the marks have become famous.

## DEFENDANT'S MISCONDUCT

18.     Upon information and belief, Defendant markets, sells, and installs flooring surfaces for residential areas, and as a result Defendant is a direct competitor with Sport Court in the athletic flooring industry.

19.     Upon information and belief, Defendant owns and maintains the website located at www.whitebirchlandscaping.com ("Defendant's Website").

20.     Upon information and belief, Defendant uses SPORT COURT and the term "Multi-Sports Court" on Defendant's Website.  Exhibit B.

21.     Upon information and belief, Defendant's Website uses SPORT COURT and/or confusingly similar terms within the hidden code of the website with the intent to influence the results of Internet search engine queries for "SPORT COURT."

22.     Upon information and belief, Defendant has constructive notice that Sport Court owns federal trademark registrations for SPORT COURT and that Sport Court owns trademark rights in the Sport Court Trademarks.

23.     Upon information and belief, Defendant has actual notice that Sport Court owns federal trademark registrations for SPORT COURT and that Sport Court owns trademark rights in the Sport Court Trademarks.

24.     Upon information and belief, Defendant infringes the Sport Court Trademarks through its use of the mark and confusingly similar marks in connection with athletic flooring goods and services.

25.     Defendant's actions are likely to cause consumer confusion as to the source of its goods and services and cause a false association between Defendant and Sport Court.

26.     Upon information and belief, Defendant's actions have resulted in, and will continue to result in, substantial and irreparable harm to Sport Court and to consumers.

27.     Upon information and belief, Defendant intended to and did trade on the substantial goodwill associated with the Sport Court Trademarks, and has intentionally misled the public into assuming a connection between Sport Court and Defendant.

28.     Upon information and belief, Defendant's actions constitute a knowing and willful false designation of origin of Defendant's goods and services.

29.     Upon information and belief, Defendant's actions have caused and will continue to cause irreparable injury to Sport Court.

## CAUSES OF ACTION

### COUNT I
### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS
### 15 U.S.C. § 1114

30.     Sport Court realleges and incorporates by reference all the foregoing paragraphs.

31.     Sport Court owns valid U.S. trademark registrations for the SPORT COURT mark.

32.     Defendant's acts are likely to cause confusion, to cause mistake, or to deceive and are trademark infringement pursuant to 15 U.S.C. § 1114.

33.     Upon information and belief, Defendant's infringement of the Sport Court Trademarks has caused and continues to cause damage and irreparable injury to the value and goodwill of the Sport Court Trademarks as well as damage and cause irreparable injury to Sport Court's goodwill, business, and reputation.

34.     Upon information and belief, Defendant's actions are deliberate, willful, fraudulent, and constitute a knowing infringement of the Sport Court Trademarks.

35.     Sport Court is entitled to injunctive relief under 15 U.S.C. § 1114.

36.     Sport Court is entitled to damages and to recover Defendant's profits, in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117(a).

37.     Sport Court is entitled to recover treble damages pursuant to 15 U.S.C. § 1117(b).

38.     Sport Court is entitled to an award of costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II
### FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### 15 U.S.C. § 1125(a)

39.     Sport Court realleges and incorporates by reference all of the foregoing paragraphs.

40.     Sport Court owns the Sport Court Trademarks.

41.     Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Sport Court, or as to the origin, sponsorship, or approval of Defendant's goods, services, or

commercial activities.

42.     Defendant's conduct constitutes false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a).

43.     Upon information and belief, Sport Court has been and will continue to be damaged by Defendant's actions.

44.     Upon information and belief, Sport Court has suffered actual damages and lost profits caused by Defendant's infringement of the Sport Court Trademarks, in an amount to be proven at trial.  Additionally, the harm to Sport Court from Defendant's actions is not fully compensable by money damages.  Sport Court has suffered and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringement committed by Defendant is permanently enjoined.

45.     Upon information and belief, Defendant knew of Sport Court's trademark rights and willfully infringed the Sport Court Trademarks and Defendant's actions are willful, intentional and/or deliberate.

46.     Sport Court is entitled to injunctive relief and monetary damages against Defendant pursuant to 15 U.S.C. § 1117.

47.     Sport Court is entitled to an award of treble damages pursuant to 15 U.S.C. § 1117.

48.     Sport Court is entitled to an award of attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III
### UTAH DECEPTIVE TRADE PRACTICES
### Utah Code Ann. § 13-11a-3

49.     Sport Court realleges and incorporates by reference all of the foregoing paragraphs.

50.     Upon information and belief, Defendant has passed off Defendant's goods and/or services as those of Sport Court.

51.     On information and belief, Defendant has knowingly made false representations as to source, sponsorship, approval, or certification of Defendant's goods and/or services by use of the Sport Court Trademarks, and did so having knowledge of the Sport Court Trademarks.

52.     Defendant's conduct is likely to cause confusion or misunderstanding as to affiliation, connection, or association between Defendant and Sport Court.

53.     Defendant's conduct constitutes a violation of the Utah Deceptive Trade Practices Act, Utah Code Ann. § 13-11a-3.

54.     Sport Court is entitled to recover damages for Defendant's conduct pursuant to Utah Code Ann. § 13-11a-4.

55.     Sport Court is entitled to recover attorneys' fees pursuant to Utah Code Ann. § 13-11a-4.

56.     Sport Court is entitled to enjoin Defendant from further use of its marks pursuant to Utah Code Ann. § 13-11a-4.

## COUNT IV
### UTAH UNFAIR COMPETITION
**Utah Code Ann. § 13-5a-101 *et seq*.**

57.     Sport Court realleges and incorporates by reference all of the foregoing paragraphs.

58.     Upon information and belief, Defendant has willfully, intentionally, and/or recklessly infringed the Sport Court Trademarks.

59.     Defendant's infringement of the Sport Court Trademarks is unlawful.

60.     Upon information and belief, Defendant's infringement of the Sport Court Trademarks leads to a material diminution in value of the Sport Court Trademarks.

61.     Accordingly, Defendant's actions constitute unfair competition in violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101 *et seq*..

62.     Sport Court has suffered actual damages, including lost profits, as a result of Defendant's unfair business practices in an amount to be proven at trial.  Additionally, the harm to Sport Court arising from these acts is not fully compensable by money damages.  Sport Court has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the unfair competition committed by Defendant is permanently enjoined.

63.     Sport Court is entitled to damages in an amount to be proven at trial pursuant to Utah Code Ann. § 13-5a-103.

64.     Sport Court is entitled to punitive damages in an amount to be proven at trial pursuant to Utah Code Ann. § 13-5a-103.

65.     Sport Court is entitled to costs and attorneys' fees Pursuant to Utah Code Ann. § 13-5a-103.

## COUNT V
### FEDERAL TRADEMARK DILUTION
### 15 U.S.C. § 1125(c)

66.    Sport Court realleges and incorporates by reference all of the foregoing paragraphs.

67.    Sport Court's Sport Court Trademarks are famous and distinctive and are entitled to protection against dilution pursuant to 15 U.S.C. § 1125(c).

68.    Defendant's use of Sport Court's Sport Court Trademarks and/or marks that are confusingly similar is likely to cause dilution by blurring or dilution by tarnishment, pursuant to 15 U.S.C. § 1125(c).

69.    Upon information and belief, Sport Court has been and will continue to be damaged by Defendant's use of Sport Court's Sport Court Trademarks and/or marks that are confusingly similar.

70.    Upon information and belief, Defendant's actions are willful, intentional and/or deliberate.

71.    Sport Court is entitled to injunctive relief pursuant to 15 U.S.C. § 1117.

72.    Sport Court is entitled to an award of treble damages and an award of attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT VI
### UTAH TRADEMARK DILUTION
### Utah Code Ann. § 70-3a-403

73.    Sport Court realleges and incorporates by reference all of the foregoing paragraphs.

74.    Plaintiff's Sport Court Trademarks are famous and distinctive in Utah and

10

are entitled to protection against dilution.

75.     Defendant's use of SPORT COURT and/or confusingly similar terms commenced after the Sport Court Trademarks became famous.

76.     By using the SPORT COURT mark and/or confusingly similar terms in connection with its own goods and services, Defendant has created a likelihood of consumer confusion, has lessened the capacity of Sport Court's famous marks to identify and distinguish Sport Court's goods and services, and has consequently diluted the distinctive quality of the Sport Court Trademarks in violation of Utah Code Ann. § 70-3a-403.

77.     Upon information and belief, Sport Court has been and will continue to be damaged by Defendant's use of the SPORT COURT mark and/or confusingly similar terms.

78.     Because, upon information and belief, Defendant's actions were willful, intentional and/or deliberate, Sport Court is entitled to an award of damages and disgorgement of profits, pursuant to Utah Code Ann. §§ 70-3a-403, 404.

79.     Sport Court is entitled to injunctive relief pursuant to Utah Code Ann. § 70-3a-404.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in Sport Court's favor as follows:

A.     That the Court enter judgment declaring that Defendant's actions infringe Plaintiff's registered SPORT COURT trademarks in violation of 15 U.S.C. § 1114;

B.     That the Court enter judgment declaring that Defendant's actions infringe Plaintiff's common law trademark rights in the Sport Court Trademarks in violation of the Lanham Act, 15 U.S.C. § 1125;

C.     That the Court enter judgment declaring that Defendant's actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125;

D.     That the Court enter judgment that Defendant is liable for deceptive trade practices under Utah Code Ann. § 13-11a-3;

E.     That the Court enter judgment declaring that Defendant's conduct constitutes unfair competition in violation of Utah Code Ann. §13-5a-101 *et seq.*;

F.     That the Court Enter judgment that Defendant has diluted the famous Sport Court Trademarks in violation of 15 U.S.C. § 1125;

G.     That the Court Enter judgment that Defendant has diluted the Sport Court Trademarks in violation of Utah Code Ann. § 70-2a-403;

H.     That the Court preliminarily and permanently enjoin Defendant from using the terms "multi-sport court," "multi-sports court," "sport court," "sports court," "sport courts", or any term that infringes the Sport Court Trademarks, unfairly competes with Sport Court, or dilutes the Sport Court Trademarks;

I.     That the Court require Defendant to pay monetary damages to Sport Court in an

12

amount to be proven at trial;

J.      That the Court require Defendant to sanitize Defendant's Website, removing any

and all infringement of the Sport Court Trademarks from the visible text and hidden code

of the website;

K.      That the Court require Defendant to pay prejudgment and post-judgment interest

until such awards are paid;

L.      That the Court require Defendant to pay treble damages in an amount to be

proven at trial;

M.      That the Court award Sport Court punitive damages;

N.      That the Court require Defendant to pay Sport Court's costs and attorneys' fees

incurred in this action;

O.      That Sport Court have such other and further relief as shall seem just and proper

to the Court.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Sport Court

hereby demands a jury trial on all claims and issues so triable.


DATED:  December 8, 2016

THORPE NORTH & WESTERN, LLP

/s/ Peter M. de Jonge
Peter M. de Jonge
Jed H. Hansen

*Attorneys for Plaintiff*,
Connor Sport Court International, LLC